# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-13-017-RAW |
| ) | |
| RAYMOND A. BARNES and ) | |
| CHRISTOPHER A. BROWN, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the court is the motion of the defendant Barnes to dismiss Count I(A). The government opposes the motion. Defendants are charged in a four-count indictment. During the pertinent time period, defendants Barnes and Brown were, respectively, the administrator and assistant administrator of the Muskogee County Jail. Count One charges them with conspiring to violate the rights of inmates housed at the jail, in violation of 18 U.S.C. §241. Count Two and Count Three charge both defendants with violations of 18 U.S.C. §242. Count Four charges defendant Brown with making a false statement to a federal agent, in violation of 18 U.S.C. §1001.

This narrow motion is only directed at one overt act listed in Count One. Specifically, the indictment reads as follows: "During or around August 2009, the defendants Raymond A. Barnes and Christopher A. Brown struck and beat an unidentified inmate who was restrained in a cell in the detox area and not posing a physical threat to anyone." Movant contends that this alleged overt act is too indefinite to be defended against, is

unconstitutionally vague, does not protect Mr. Barnes against double jeopardy, and permits the government to try him on charges other than those on which the Grand Jury returned an indictment.

An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. *United States v. Washington,* 653 F.3d 1251, 1259 (10th Cir.2011). The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *Id.*

The elements of section 241 are that the government must prove (1) the defendant knowingly agreed with another, (2) to injure a person in the exercise of any right guaranteed under the laws of the United States. *United States v. Whitney,* 229 F.3d 1296, 1301 (10th Cir.2000). As the government notes, the Tenth Circuit holds that section 241 does not require proof of an overt act in furtherance of the conspiracy. *Id.* Inasmuch as Count One need not contain any reference to overt acts, it would seem the movant essentially seeks dismissal of the challenged portion as surplusage, pursuant to Rule 7(d) F.R.Cr.P. "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins,* 920 F.2d 619, 631 (10th Cir.1990). The court does not find that standard is met at this time, and thus the challenged overt act will not be stricken. At the conclusion of the evidence,

2

however, if the court finds that the government has failed to prove the challenged overt act, the jury will receive a specific limiting instruction to that effect.

Movant appears to disavow requesting a bill of particulars. Generally, if a defendant is given full disclosure before trial and in the absence of unfair surprise at trial, a district court does not abuse its discretion in denying a bill of particulars. *See United States v. Jenkins,* 313 F.3d 549, 558 (10th Cir.2002). The United States Attorney's Office in this district operates under an "open file" policy. Although the prosecution of this case is directed by attorneys from the United States Department of Justice, the court is confident the defendant will be provided such disclosure as to satisfy this standard. No bill of particulars will be ordered.

It is the order of the court that the motion of the defendant to dismiss (#40) is hereby DENIED.

**ORDERED THIS 3rd DAY OF OCTOBER, 2013.**


**Dated this 3rd day of October, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma